| | |
|---|---|
| ABBOT DINOTO : | |
| : | PRISONER |
| v.      : | Case No. 3:08cv786(WWE) |
| : | |
| WARDEN STRANGE  : | |

ORDER

Petitioner Abbot DiNoto, an inmate confined at the Osborn Correctional Institution in Somers, Connecticut, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000). He challenges his 1991 conviction for sexual assault and risk of injury to a minor.

Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. 28 U.S.C. § 2244(d)(1) (2000). The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending. 28 U.S.C. § 2244; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001). The district court has the discretion to raise the timeliness of a federal habeas petition sua sponte. Day v. McDonough, 547 U.S. 198, 209-10 (2006).

On June 19, 1991, in the Connecticut Superior Court for the

Judicial District of New London, a jury convicted the petitioner of two counts of sexual assault in the first degree in violation of Connecticut General Statutes § 53a-70(a), three counts of sexual assault in the second degree in violation of Connecticut General Statutes § 53a-71(a)(1), one count of sexual assault in the third degree in violation of Connecticut General Statutes § 53a-72a(a)(1) and two counts of risk of injury to a child in violation of Connecticut General Statutes § 53-21. A judge sentenced the petitioner to forty years of imprisonment execution suspended after twenty-five years followed by five years of probation. (See Pet. Writ Habeas Corpus at 2.) On July 7, 1993, the Connecticut Appellate Court reversed petitioner's conviction as to one count of sexual assault in the first degree and one count of sexual assault in the third degree. See State v. Dinoto, 32 Conn. App. 217, 628 A.2d 618 (1993). On June 7, 1994, the Connecticut Supreme Court reversed the decision of the Connecticut Appellate Court as to the count of sexual assault in the first degree and directed the Connecticut Appellate Court to affirm the judgment of the trial court on that count. See State v. Dinoto, 229 Conn. 580, 642 A.2d 717 (1994). Because the petitioner's conviction became final before the enactment of the statute of limitations on April 24, 1996, he is afforded a one-year grace period, or until April 24, 1997, to file his federal habeas petition. See Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir.

2

1998).

The petitioner states that he has filed no other petitions or motions in state court attacking the judgment of conviction. Petitioner filed the present petition on May 21, 2008, over ten years after the limitations period expired.

Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires petitioner "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Petitioner is afforded **twenty (20)** days from the date of this ruling to show cause why this petition should not be dismissed as time-barred. Failure to respond to this order will result in the dismissal of this case.

**SO ORDERED** this 10th day of December 2008, at Bridgeport, Connecticut.

                                      /s/
                                      Holly B. Fitzsimmons
                                      United States Magistrate Judge